IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORA LEE GOODE
and DON W. GOODE,

    Plaintiffs,

vs().                                                    No. CIV 99-606 MV/WWD

ESTATE OF NORBERTO R.
SAMSON, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Judgment on the Pleadings to Dismiss Plaintiffs' Claim For Punitive Damages **[Doc. No. 30]**, filed March 24, 2000. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that Defendant's motion is well taken and will be **GRANTED**.

## FACTUAL BACKGROUND

On May 28, 1997, Plaintiffs filed this medical malpractice action arising out of injuries allegedly sustained when Defendant performed a gallbladder operation on Plaintiff Lora Lee Goode. As part of the relief sought, Plaintiffs claim entitlement to punitive damages. On August 15, 1999, the Defendant, Norberto Samson Jr, M.D., died. On September 30, 1999 the Court entered a stipulated order for substitution upon suggestion of death which substituted the Estate of Norberto Samson, M.D. as the real party-in-interest. Defendant now moves for judgment on the pleadings as to Plaintiffs' claim for punitive damages on the grounds that New Mexico law does not provide for punitive damages against the estate for acts of a deceased tortfeasor.

## STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T .G. & Y.*, 971 F.2d 522, 528 (10th Cir. 1992). In reviewing a defendant's Rule 12(c) motion, the Court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987); *see Zinermon v. Burch*, 494 U.S. 113, 118 (1990). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). The Court may dismiss a case for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The harsh remedy of dismissal is to be used cautiously; courts have an obligation to promote the liberal rules of pleading as well as to protect the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) When granting Rule 12(c) motions, courts may give leave to amend and "may dismiss causes of action rather than grant judgment." *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N. D. Cal. 1993) (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1978)).

## DISCUSSION

Under New Mexico law punitive damages are allowed "for the limited purpose of punishment and to deter others from the commission of like offenses." *Jaramillo v. Providence Washington Ins.*, 117 N.M. 337, 344-46 (1994). The parties are in agreement that New Mexico law, as it currently stands, does not allow for recovery of punitive damages against the estate of a

deceased tortfeasor. *See Jaramillo v. Providence Washington Ins.*, 117 N.M. at 344-461; *State Farm Mut. Auto. Ins. v. Maidment*, 107 N.M. 568 (1988); *Barnes v. Smith, et. al.*, 305 F.2d 226, 231 (10th Cir. 1962). In *Jaramillo v. Providence Washington Ins*. the New Mexico Supreme Court reasoned that the purposes of punitive damages - punishment and deterrence - could not be furthered by applying such damages to the estate of deceased tortfeasors. *Id.* at 344-346. Plaintiffs argue that the rationale behind *Jaramillo v. Providence Washington Ins* should be reconsidered with regard to specific egregious circumstances of the present case. The Court is not persuaded that the precedent established by New Mexico's highest court merely 6 years ago should be rejected by a federal court, sitting in diversity, bound to apply the law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The New Mexico Supreme Court has clearly spoken on this issue, thus ending the inquiry. Under New Mexico law Plaintiffs cannot recover punitive damages from the estate of the deceased tortfeasor.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings to Dismiss Plaintiffs' Claim for Punitive Damages **[Doc. No. 30]** is hereby **GRANTED.** Count IV of Plaintiffs' Complaint is dismissed.

**DATED** this 1st day of June, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for PlaintifF
James P. Lyle

Attorney for Defendant
William P. Slattery